**In re William Robert BEARD, Jr., Debtor.**

**William Robert Beard, Jr., Plaintiff,**

**v.**

**United States of America, Defendant.**

**Bankruptcy No. 9:08–bk–06322–ALP.**
**Adversary No. 9:08–ap–00323–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Feb. 12, 2010.

---

Richard Johnston, Jr. Fowler, White, Boggs, P.A., Fort Myers, FL, for Plaintiff.

Pascale Guerrier, U.S. Department of Justice–Tax Division, Washington, DC, for Defendant.

### *ORDER ON UNITED STATES' MOTION FOR PROTECTIVE ORDER*

**(Doc. No. 45)**

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consider in this Chapter 13 case of William Robert Beard, Jr. (Plaintiff/Debtor) is the United States Motion for Protective Order (Motion) (Doc. No. 45), filed pursuant to Fed.R.Civ.P. 26(c) on October 20, 2009. The United States in its Motion, moved the Court for protection from Plaintiff's Notice of Taking Deposition Duces Tecum (Notice) of the Internal Revenue Service (IRS) with regard to certain topics and a document request that had no relevance to the non-dischargeability of Plaintiff's tax liabilities under Section 523(a)(1)(B)(i) of the Bankruptcy Code.

The issue in this case on which the Plaintiff seeks discovery is how the IRS treated the Debtor's late filed returns for 1997, 1998 and 2000; whether it accorded them any impact upon the assessment of the Debtor's taxes, interest and penalties for those relevant years; whether the IRS in general gives effect to forms 1040 which are filed beyond the due dates established by the Internal Revenue Code. Thus, this case concerns the non-dischargeability of Plaintiff's 1997, 1998 and 2000 federal income tax liabilities under Section 523(a)(1)(B)(i) of the Bankruptcy Code.

On September 29, 2009, Plaintiff's counsel noticed the deposition of the IRS concerning Plaintiff's failure to file tax returns for the tax years at issue. Included in the Notice were certain topics that do not conceivably relate in any manner to the issues that this Court must decide pursuant to Section 523(a)(1)(B) of the Bankruptcy Code. Consequently, the Government sought a protective order concerning the following topics and document request:

● The operation and administration of the IRS Non Filer Program.

● The administration of collection of delinquent returns for the IRS.

● The IRS processing guidelines for cases worked by the IRS in the Compli-

ance Initiative Project or Return Compliance Program.

- All documents which record, reflect, refer, relate or pertain to the rules, procedures and operating guidelines for the Compliance Initiative Project or Return Compliance Program. (Request no. 3). (*See* Exhibit A).

The Government maintains that neither the substitutes for return the IRS prepared with regard to tax years 1997 and 1998 pursuant to 26 U.S.C. § 6020(b) nor the later tax returns Plaintiff submitted in year 2003 for those tax years, after an assessment had been made, qualify as "returns" for purposes of the discharge exception for taxes.

On November 18, 2009, the Court conducted a hearing on the Motion. The Government argued that the aforementioned topics are objectionable because they are irrelevant to either party's claims or defenses in this case and would impose an undue burden on the United States. Specifically, the Government argued that many additional resources would be required to respond to these irrelevant requests since the witness who is authorized to testify on behalf of the IRS and who is most knowledgeable about the facts of this case is unable to testify about these topics or to provide responsive documents.

The Plaintiff contends that the IRS made material abatements to taxes, interest and penalties originally assessed pursuant to the SFRs prepared for those tax years immediately after the Debtor's late filing of the forms 1040 for those years. Thus, based on the following, the Plaintiff argues that the inquiry of the IRS personnel is imperative on the impact of the late filed returns on the taxes assessed for those years would be relevant, material and would be reasonably calculated to lead to the discovery of admissible evidence on the issue of dischargeability. Thus, the Plaintiff seeks the details on how the IRS treated his late filed returns for tax years 1997, 1998 and 2000 to determine if they are 'returns' for dischargeability purposes.

Based on the forgoing, this Court is satisfied that the items sought to be discovered by the Plaintiff does not represent the controlling law of the issues involved in the above-captioned adversary proceeding and, therefore, the Plaintiff's Notice of Taking Depositions Duces Tecum of the Internal Revenue Service have no relevance with respect to the non-dischargeability of the Debtor's tax liability pursuant to Section 523(a)(1)(B)(i) of the Bankruptcy Code. Be that as it may, this Court is satisfied that the United States' Motion for Protective Order (Doc. No. 45) is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the United States Motion for Protective Order (Doc. No. 45) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Final Evidentiary Hearing presently set for May 4, 2010, beginning at 1:30 P.M., will be held before the undersigned in Courtroom E, at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom E, 2110 First Street, Fort Myers, Florida.